IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD RUDDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-cv-7219 |
| ) | |
| WILMOT MOUNTAIN, INC., ) | |
| a Wisconsin corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, TODD RUDDY, citizen of Illinois, by and through his attorneys, LEVIN, RIBACK LAW GROUP, and complaining of the defendant, WILMOT MOUNTAIN, INC., a Wisconsin corporation, respectfully alleges as follows:

## PARTIES

1. Plaintiff, Todd Ruddy, is a citizen of Illinois, residing, and at all relevant times resided, in Barrington, Illinois.

2. WILMOT MOUNTAIN, INC. is a corporation organized under the laws of Wisconsin and at all relevant times had its principle place of business at 11901 Fox River Road, Twin Lakes, Wisconsin.

## JURISDICTION

3. The claims against the Defendant are for negligence arising in tort under the law of the State of Wisconsin.

4. Jurisdiction is conveyed upon this Court by 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## VENUE

5.  Venue is appropriate in the Northern District of Illinois, Eastern Division, by virtue of 28 U.S.C. § 1391 as the Plaintiff resides in Illinois, the Plaintiff's medical records and treatment providers are located in Illinois in counties served by the Northern District of Illinois, Eastern Division, and the Defendant Corporation does business in Illinois in the counties served by the Northern District of Illinois, Eastern Division.

## COUNT I

## NEGLIGENCE

6.  Plaintiff re-alleges and reincorporates as is fully set forth herein paragraphs 1 through 5 above.

7.  On and before February 19, 2010, the Defendant, WILMOT MOUNTAIN, INC., a corporation, owned, operated, maintained, and/or controlled a ski resort located at 11931 Fox River Road, Village of Twin Lakes, County of Kenosha and State of Wisconsin, commonly known as "Wilmot Mountain."

8.  At all relevant times, Wilmot Mountain was a ski facility open to the general public on a fee-basis only, and operated as a commercial for-profit business.

9.  On February 19, 2010, Plaintiff, TODD RUDDY, was a fee-paying customer at the Wilmot Mountain ski facility.

10. At all relevant times, Defendant, WILMOT MOUNTAIN, INC., owed the Plaintiff the highest duty of care as a business invitee in the ownership, operation, maintenance, and control of the premises.

11. At all relevant times, Defendant, WILMOT MOUNTAIN, INC., owed a duty to Plaintiff and others on the premises, to provide safe access to its ski runs.

12. On and before February 19, 2010, Defendant, WILMOT MOUNTAIN, INC., provided chairlifts as the means for customers and others on the premises to access its ski runs.

13. On February 19, 2010, Plaintiff was riding one of the Defendant's chairlifts to access a ski run and was in the exercise of due care and caution for his own safety when he was caused to fall from the chairlift.

14. On February 19, 2010, in disregarding its duties in the premises, Defendant, WILMOT MOUNTAIN, INC., failed to provide safe access to its ski runs.

15. Defendant, WILMOT MOUNTAIN, INC., a corporation, by its agents and employees, was guilty of one or more of the following negligent acts or omissions which was a proximate cause of Plaintiff's injuries:

   (a) Carelessly and negligently failed to provide adequate safeguards to prevent injury to Plaintiff while lawfully upon said premises;

   (b) Carelessly and negligently failed to equip chairlifts with adequate restraints, harnesses and/or safety bars when the Defendant knew, or in the exercise of ordinary care should have known, that such safety measures were necessary to prevent riders from falling;

   (c) Carelessly and negligently failed to properly maintain the subject chairlift when Defendant knew, or in the exercise of due care should have known that the lack of restraints, harnesses and/or safety bars on the chairlift posed a hazard to riders on the chairlift;

   (d) Carelessly and negligently failed to warn Plaintiff of presence of the hazard posed by the lack of restraints, harnesses and/or safety bars on the chairlift, and the dangerous condition then and there existing, when the defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff and others lawfully present in said area;

3

(e) Carelessly and negligently allowed and permitted Plaintiff to ride the subject chairlift without restraints, harnesses and/or safety bars, when the Defendant knew, or in the exercise of ordinary care should have known, such safety measures were necessary to prevent injury to Plaintiff;

(f) Carelessly and negligently failed to repair or correct the dangerous condition posed by the chairlift when the defendant knew, or in the exercise of ordinary care should have known, that such repair or correction was necessary to prevent injury to the Plaintiff and others riding said chairlift.

16. As a direct and proximate result of one or more of the foregoing acts of negligence, the Plaintiff was caused to fall from the chairlift, causing him to suffer severe personal and pecuniary injuries which he will continue to suffer in the future.

17. The injuries suffered by the Plaintiff include a burst fracture of the L3 vertebral body requiring surgery and rehabilitation, and resulting in medical expenses in excess of $150,000.00

WHEREFORE, the Plaintiff, TODD RUDDY, demands judgment against the Defendant, WILMOT MOUNTAIN INC., in a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS and costs of this action.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Dated: November 8, 2010**

        Respectfully submitted,

        LEVIN, RIBACK LAW GROUP, P.C.

   By: /s/ Richard I. Levin
        Attorney for Plaintiff

LEVIN RIBACK LAW GROUP, P.C.
Attorney No. 40280
60 West Randolph Street, Suite 333
Chicago, Illinois 60601
(312) 782-6717